**Tagged Opinion**



**ORDERED in the Southern District of Florida on April 10, 2008.**

**Robert A. Mark, Judge
United States Bankruptcy Court**

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

```
_____
                               )
                               )
In re:                         )    CASE NO.   07-16379-BKC-RAM
                               )    CHAPTER    7
LUIS HERNANDEZ,                )
                               )
                               )
          Debtor.              )
                               )
_____)
```

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS

The personal property exemption under Florida law was expanded in 2007. New §222.25(4) of the Florida Statutes protects a debtor's interest in personal property up to $4,000 "if the debtor does not claim or receive the benefits of a homestead under s.4, Art. X of the State Constitution" (the "Statutory Personal Property Exemption"). The Debtor in this individual Chapter 7 case states that his home is owned with his non-debtor spouse as tenants by the entireties ("TBE"), and is therefore exempt under 11 U.S.C. §522(b)(3)(B). The Debtor also

seeks to exempt $5,000 in personal property, utilizing both the $1,000 constitutional exemption and the new $4,000 Statutory Personal Property Exemption.

The Trustee has objected and his Objection to Exemptions will be sustained. As explained in more detail below, the non-debtor wife's right to assert the homestead exemption means that the Debtor husband is still receiving the benefits of the homestead exemption. As such, he is not eligible for the Statutory Personal Property Exemption.

### **Factual and Procedural Background**

The Debtor filed a voluntary Chapter 7 petition on August 13, 2007. The Debtor is married but he filed individually. The property at issue is a home located at 145 S.W. 61st Avenue, Miami, Florida (the "Home"). The Debtor's Schedule C does not claim the Florida Constitutional homestead exemption. Instead, the Home is listed as exempt as TBE property.

The Debtor's Schedule C claims personal property exemptions totaling $5,000, including, most significantly, a $4,680 exemption applied towards the scheduled $5,100 value of his truck. As the legal basis for his personal property exemption claims, the Debtor references both Art. X, §4(a)(2) of the Florida Constitution, which provides for a $1,000 exemption, and the Statutory Personal Property Exemption.

On October 10, 2007, the Trustee filed his Objection to Debtor's Claimed Exemption (the "Objection") [CP# 18]. The

Trustee objects to the Debtor claiming personal property exemptions in excess of $1,000.

At the initial hearing on the Objection conducted by this Court on December 6, 2007, the Trustee raised two issues. First, he argued that the Statutory Personal Property Exemption is not available to a debtor who claims a TBE exemption for his or her home. Alternatively, the Trustee argued that this Debtor is ineligible to utilize the $4,000 exemption since his non-debtor spouse has not waived her right to assert the constitutional exemption. As such, he argues that the Debtor is "receiving the benefits" of homestead, as that disqualifying phrase is used in the statute, even if he chose not to "claim" the homestead exemption in his schedules.

Following the hearing, the Court entered its December 12, 2007 Order Setting Further Hearing and Briefing Schedule on Objection to Exemptions (the "Scheduling Order"). That Order rejected the Trustee's first argument. As stated in the Scheduling Order and repeated here, there is nothing in §222.25(4) which precludes individuals who claim the TBE exemption from also claiming the Statutory Personal Property Exemption. The only statutorily excluded debtors are those who "claim or receive the benefits of" the constitutional homestead protection.

The Scheduling Order requested memoranda on the second issue, specifically, whether the wife's right to claim homestead

3

protection means that the Debtor is "receiving the benefits of" the constitutional homestead exemption and is therefore not eligible to claim the Statutory Personal Property Exemption. The Scheduling Order also set a further hearing on the Objection for February 12, 2008.

At the February 12th hearing, the Trustee argued two additional reasons for finding that the Debtor is "receiving the benefits of" homestead whether or not the non-debtor wife preserves her right to claim homestead. First, the Trustee argues that the Debtor is receiving the benefits of homestead by his continuing entitlement to the homestead tax exemption and his entitlement to the cap on real estate taxes. The Trustee acknowledges that these are not benefits contained within the constitutional homestead provision referenced in §222.25(4). Still, he urges the court to find that these should be treated as benefits of homestead, excluding the Debtor from utilizing §222.25(4), since the homestead tax exemption and cap on real estate tax assessment are only available to people who are entitled to the constitutional protection. Stated another way, he argues that these property tax benefits flow from the constitutional protection.

Second, the Trustee argues that the Debtor is receiving the benefits of homestead, whether or not he claims the constitutional exemption in this bankruptcy case, since he will still have the constitutional protection post bankruptcy. The

4

Trustee urges a bright line rule in which any debtor entitled to the constitutional protection on the filing date would be excluded from the Statutory Personal Property Exemption, unless the debtor is surrendering the house.

The Court has reviewed the record, including the Objection, the Trustee's Memorandum in Support of [the Objection] [CP# 34] and the cases and legislative history submitted by the Debtor in a Notice of Filing dated February 12, 2008 [CP# 38]. The Court has also considered the arguments of counsel presented at the February 12th hearing, and the limited case law interpreting the new statutory exemption.

## Discussion

We start with the constitutional and statutory language. Article X, §4(a)(1) of The Florida Constitution protects eligible Florida homes from most creditor claims. That section provides:

> (a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
>
> (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption

5

>     shall be limited to the residence of the owner or the owner's family.

Fla. Const. art. X, §4.

As quoted in part earlier, the Statutory Personal Property Exemption is contained in new §222.25(4) of the Florida Statutes which provides in pertinent part:

>     The following property is exempt from attachment, garnishment, or other legal process:
>
>     (4) A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution.

§222.25(4), Fla. Stat.

To resolve the Objection to Exemptions, the Court must interpret the meaning of the "receive the benefits of" homestead exclusion in §222.25(4). As discussed earlier, the Trustee argues for a broad interpretation excluding any debtor who owns a house eligible for the constitutional exemption on the filing date. The Trustee's view has support in the case law, in particular, Bankruptcy Judge Jenneman's recent decision, <u>In re Franzese</u>, 383 B.R. 197 (Bankr. M.D.Fla. 2008).

Like the Debtor here, the debtor in <u>Franzese</u> owned a home with his non-filing spouse which qualified for the constitutional homestead protection. Also like the Debtor here, Mr. Franzese did not claim the home exempt under the Florida Constitution, but rather claimed the exemption under §522(b)(3)(B), based on ownership of the home with his wife as tenants by the entireties.

6

The <u>Franzese</u> court found that mere entitlement to claim the homestead exemption meant the debtor "receives the benefit of a homestead" because the definition of the term "benefit" is a "right, privilege, or interest in some advantage to which a debtor is entitled to receive, regardless of whether the debtor actually has realized the advantage." The court held that "[i]f, on the day a bankruptcy petition is filed a debtor owns a home, lives in the home, and plans to reside in the home in the future, the debtor cannot claim the Statutory Personal Property Exemption." <u>Id.</u> at 205.

The Court disagrees with the <u>Franzese</u> court's broad interpretation of "receive the benefits of a homestead." If the legislature meant to exclude from the Statutory Personal Property Exemption all homeowners who owned homes on the petition date which met the constitutional definition of a homestead, the statute could have plainly and easily been written to exclude all individuals owning homes <u>eligible</u> for the constitutional exemption. That, of course, is not what the statute says. Rather, it excludes only those who <u>receive the benefits of</u> the constitutional exemption.

In this Court's view, the "receive the benefits of" exclusion must be interpreted in the context of protection from efforts to execute against the home. After all, that is what the constitutional provision is - protection of the home from forced sale or other execution efforts. Thus, the exclusion only

7

applies to those who receive the benefits of the constitutional protection in resisting execution efforts by creditors outside of a bankruptcy or efforts to administer the property by a trustee within a bankruptcy case.  In short, the Court rejects Franzese's holding that mere eligibility for homestead protection on the filing date of a bankruptcy petition renders debtors ineligible to utilize the Statutory Personal Property Exemption.

This Court's narrower reading of the exclusion is consistent with the analysis in In re Gatto, 380 B.R. 88 (Bankr. M.D.Fla. 2007).  The facts in Gatto and its companion cases are distinguishable from those here since each of the debtors in those cases surrendered their homes in their bankruptcy cases.[1]  Nevertheless, the opinion addresses several of the issues raised in the instant case and unlike Franzese, interprets "benefits" more narrowly, focusing, as this Court does, on benefits relating solely to execution efforts.

Since the debtor in Gatto was surrendering her home, she

---

[1] In Gatto, the court overruled the trustee's objection to the debtor's claim of exemption under section 222.25(4).  380 B.R. at 93.  Although the debtor, as of the commencement of the case, was entitled to claim his primary residence as homestead under s. 4, Art. X of the Florida Constitution, the debtor timely indicated on the petition pursuant to 11 U.S.C. 521(a)(2)(A) her intention to surrender the residence, and the debtor instead claimed certain personal property exempt under the Statutory Personal Property Exemption.  Id. at 90-91.  The court held that the debtor was entitled to claim the Statutory Personal Property Exemption because she surrendered her home.  Id. at 93.

8

would not have been excluded from claiming the Statutory Personal Property Exemption even under <u>Franzese's</u> broad interpretation of benefits.  However, the <u>Gatto</u> court's analysis of the key phrase in §222.25(4), "receive the benefits of a homestead," is well reasoned and instructive on the issues before this Court.

First, the court concluded that the petition date was the proper point in time for determining whether a debtor "receives the benefits of a homestead."  <u>Id.</u>  The court reasoned that the debtor must "receive the benefits" as of the date of the petition because the word "receive" is used in the statute in the present tense.  <u>Id.</u>  Focusing on the petition date is consistent with the general rule that a debtor's entitlement to an exemption is determined as of the date of the petition.  <u>Id.</u>

Second, the court concluded that the "benefits" must be derived from the Florida constitutional homestead as a protection from creditors.  <u>Id.</u>  This followed as a matter of grammar because the "prepositional phrase 'of a homestead exemption under s. 4, Art. X of the State Constitution' is a restrictive clause that limits the word it modifies--'benefits.'"  <u>Id.</u>  Combining these two conclusions, the key inquiry for the court was whether as of the petition date the debtor received the benefits of the homestead exemption with respect to insulating the property from the reach of creditors.  <u>Id.</u> at 92.  <u>See</u> <u>also</u> <u>In re Shoopman</u>, ___B.R.___, 2008 WL 817109, *2 (Bankr. S.D.Fla. 2008) (citing to and agreeing with <u>Gatto's</u> narrower interpretation of benefits).

9

The Court agrees with and adopts the reasoning and holding in Gatto, and therefore rejects the two additional arguments raised by the Trustee at the February 12th hearing. The Trustee argues that certain real estate tax benefits that are available only with respect to homestead property are "benefits" within the meaning of section 222.25(4). As the Gatto court correctly reasoned, the "benefits" at issue in the Statutory Personal Property Exemption are only those benefits that are derived from Art. X, §4 of the Florida Constitution. This constitutional provision does not provide these tax benefits, nor, by its plain meaning, does it provide any benefits other than protecting the homestead from execution by creditors. Thus, the tax benefits are not "benefits" within the meaning of the Statutory Personal Property Exemption.

The Trustee also argues that a debtor "receives a benefit from homestead" where the debtor retains the entitlement to assert his homestead rights post-bankruptcy. The Court rejects this argument because the time to determine whether the debtor "receives a benefit" is the petition date. In allowing or disallowing a debtor's attempt to claim the Statutory Personal Property Exemption in a bankruptcy case, the focus is solely on the exemptions which will affect creditors in the case. The fact that the debtor is keeping his home and may use the constitutional shield to protect against execution by future creditors is not relevant.

10

Having sided with Gatto rather than Franzese regarding the scope of the "benefit of homestead" exception in the statute, the Court now reaches the primary issue presented here. Even applying the narrow scope of "benefits" set out in Gatto, the Court concludes that because the Debtor's non-debtor spouse retains her right to claim homestead, the Debtor is receiving the benefits of homestead and therefore may not utilize the Statutory Personal Property Exemption.

Under well established law, a trustee may administer TBE property for the benefit of joint creditors. In re Monzon, 214 B.R. 38 (Bankr. S.D.Fla. 1997). The retention by the non-debtor spouse of her homestead rights would prevent the trustee from doing so. This is true notwithstanding a trustee's right under §363(h) to partition property because under Florida law the debtor, in whose shoes a trustee stands, cannot act on behalf of his spouse to alienate or abandon his spouse's interest in their homestead. Gatto, 380 B.R. at 92 n.4. Thus, the wife's homestead rights will prevent the trustee from administering the TBE property to pay any joint creditors. As such, the retention of homestead rights by the non-debtor wife means that the Debtor is receiving the benefits of the constitutional protection by shielding TBE assets from the reach of his joint creditors. Because of this benefit, he may not claim the Statutory Personal Property Exemption. See Gatto, 380 B.R. at 92 (stating in dicta that under this factual scenario "the retention by the wife of

the benefits of the homestead exemption would necessarily benefit the husband, who, while not explicitly claiming the homestead exemption, would nevertheless receive the benefits of the exempt status of the jointly owned homestead"); Shoopman, 2008 WL at *2 (citing to Gatto and agreeing in dicta that a debtor "might indirectly receive the benefits" from the homestead exemption if the non-debtor wife retained her right to assert homestead protection).

The Court's reliance on what the non-debtor spouse might do after the petition date is not inconsistent with the Court's earlier conclusion that exemptions are determined as of the petition date. The focus here is still on the rights of creditors who existed on the petition date, and specifically, the rights of any joint creditors. Since the non-debtor wife's homestead rights on the petition date will prevent the Trustee from administering property the Debtor claimed exempt as TBE, joint creditors existing on the petition date are affected by the homestead protection. This prejudice to petition date creditors means the Debtor is receiving petition date "benefits" thus excluding him from utilizing the Statutory Personal Property Exemption.

One final comment is appropriate. If, in response to the Trustee's Objection, the Debtor's non-debtor spouse had affirmatively waived her right to assert the constitutional protection in this case, the Objection would have been overruled.

12

Under those facts, the constitutional exemption would have provided no protection to the Debtor with respect to creditors in this case and therefore no "benefits" which would have precluded him from utilizing the Statutory Personal Property Exemption.

### Conclusion

The new Statutory Personal Property Exemption in Fla. Stat. §222.25(4) is not applicable to debtors who <u>claim</u> the constitutional homestead protection or <u>receive the benefits</u> of the constitutional exemption. This court concludes that the "benefits" exception only applies to debtors who are benefitting from the constitutional shield from execution by creditors (outside of bankruptcy) or trustees or creditors (in a bankruptcy case).

As applied here, the debtor is benefitting from the constitutional protection since his wife's right to claim homestead protection could thwart the trustee's right to sell the home for the benefit of any joint creditors. Therefore, it is -

**ORDERED** as follows:

1. The Trustee's Objection to Exemptions is sustained.

2. The Debtor may not claim the $4,000 Statutory Personal Property Exemption.

3. Within 30 days from the date this Order becomes final, the Debtor shall either turn over the vehicle subject of the disallowed exemption claim or reach an agreement with the Trustee to pay the value of the now non-exempt portion of the vehicle

13

into the estate.

    4.   The Trustee shall also file a Notice of Assets requesting the Clerk to issue a Notice of Deadline to File Claim.

###

COPIES TO:

Michael A. Frank, Esq.
10 N.W. LeJeune Road, #620
Miami, Fla.  33126
(Counsel for Debtor)

James B. Miller, Esq.
19 West Flagler Street, #416
Miami, Fla.  33l30
(Counsel for Trustee)